UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KYLE HARVEY, | ) | |
|---|---|---|
| Natural and Biological Father of A.K.H., | ) | |
| a Minor Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-1021 NAB |
| | ) | |
| GREAT CIRCLE, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**[1]

This matter is before the Court on Defendant Great Circle's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can be Granted. [Doc. 5.] Plaintiff has not filed a response and the time to do so has passed. Plaintiff recently filed a Motion for Rule 26 Conference to "expedite the matter to trial." [Doc. 10.] For the following reasons, the Court will grant Defendant's Motion to Dismiss and deny as moot Plaintiff's Motion for Rule 26 Conference.

**I.  Procedural Background**

Plaintiff Kyle Harvey ("Harvey") filed this action against Defendant Great Circle for the wrongful death of Harvey's child A.K.H., who is deceased. (Compl. ¶ 1.) In the Complaint, Harvey contends that the Jefferson County Children's Division ("JCCD") had custody of his children, including A.K.H. beginning December 14, 2015. (Compl. ¶ 8.) JCCD hired Great Circle to provide counseling, evaluation, and investigation services regarding the assessment and facilitation of returning Harvey's children to their mother's home. (Compl. ¶¶ 9-10.) Harvey

---
[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.]

alleges that the children's mother shared her home with William Harris. (Compl. ¶ 11.) On October 7, 2015, Great Circle, through one of its employees, filed a report in the Circuit Court of Jefferson County, Missouri, indicating that there were reports of repeated physical abuse and injury against A.K.H. while in her mother's home and that Harris was a suspect in causing A.K.H.'s injuries. (Compl. ¶¶ 12-15.) As a result of the alleged abuse, Harvey's children were removed from their mother's residence. (Compl. ¶ 16.) Harvey alleges that Great Circle recommended that all of the children, including A.K.H., be returned to their mother's residence and the children were returned to their mother's custody on February 26, 2016. (Compl. ¶¶ 17-18.) On March 17, 2016, Harvey alleges that A.K.H. was strangled by Harris and died. (Compl. ¶ 22.)

Harvey alleges that at the time of its recommendation for reunification, Defendant knew or should have known that Harris continued to live with the mother and was an active heroin user. (Compl. ¶ 20.) Harvey also alleges that Great Circle did not perform any evaluation, screening, or additional investigation of Harris before recommending reunification. (Compl. ¶ 21.) Therefore, Harvey alleges that Great Circle breached its duty of care to A.K.H. and Great Circle's negligence was the direct and proximate cause of A.K.H.'s death. (Compl. ¶¶ 25-27.)

On April 14, 2017, Great Circle filed a Motion to Dismiss and Harvey has not responded to the motion.

## II. Standard of Review

A defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for entitlement to relief [as required in Fed. R. Civ. P 8(a)] require more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Also, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## III.   Discussion

Great Circle contends that it has immunity from liability under Missouri law, which applies in this case.[2] Great Circle alleges that two statutes provide qualified immunity from the claims in this action. The first statute at issue is Mo. Rev. Stat. § 210.114, which states:

> Except as otherwise provided in section 207.085, a private contractor as defined in subdivision (4) of section 210.110 with the children's division that receives state moneys from the division or the department for providing services to children and their families shall have qualified immunity from civil liability for providing such services when the child is not in the physical care of such private contractor to the same extent that the children's division has qualified

---

[2] Plaintiff asserts that this court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, due to the diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,00.00. Defendant does not challenge the basis for diversity. "It is of course, well-settled that in a suit based on diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state. *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1255 (8th Cir. 1996) (citing *Erie v. Tompkins,* 304 U.S. 64, 78 (1938) (where jurisdiction of a case is based on diversity of citizenship, a federal court my apply state substantive law and federal procedural law)).

> immunity from civil liability when the division or department directly provides such services.

Mo. Rev. Stat. § 210.114.1. Qualified immunity does not apply

> if a private contractor … knowingly violates a stated or written policy of the division, any rule promulgated by the division, or any state law directly related to child abuse and neglect, or any state law directly related to the child abuse and neglect activities of the division or any local ordinance relating to the safety condition of the property.

Mo. Rev. Stat. § 210.114.2. This exception is more fully described in Mo. Rev. Stat. § 207.085, which provides:

> Any employee of the children's division, including supervisory personnel and private contractors with the division, who is involved with child protective services and purposely, knowingly, and willfully violates a stated or written policy of the division, any rule promulgated by the division, or any state law directly related to the child abuse and neglect activities of the division shall be dismissed if the violation directly results in serious physical injury or death, subject to the provisions of subsection 2 of this section. The provisions of this section shall apply to merit system employees of the division, as well as all other employees of the division and private contractors with the division, and upon a showing of a violation, such employees shall be dismissed for cause, subject to the provisions of subsection 2 of this section, and shall have the right of appeal pursuant to sections 36.380 and 36.390. For purposes of this section, a "private contractor with the division" means any private entity or community action agency with the appropriate and relevant training and expertise in delivering services to children and their families as determined by the children's division, and capable of providing direct services and other family services for children in the custody of the children's division or any such entities or agencies that are receiving state moneys for such services.

Mo. Rev. Stat. § 207.085.1.

Harvey's Complaint indicates that Great Circle is a contractor of JCCD and that A.K.H. was not in the physical care of Great Circle when providing such services. The Complaint also alleges negligence for failing to report to JCCD that reasonable cause existed to suggest that A.K.H. might be subjected to abuse or neglect as a result of reunification with her mother. Harvey's Complaint does not allege knowing violations of laws or regulations described in Mo. Rev. Stat. § 210.114.2. On the face of the Complaint, it appears that Great Circle is entitled to qualified immunity under Mo. Rev. Stat. § 210.114.1 and none of the exceptions apply.

Second, Great Circle also contends that it is entitled to qualified immunity under Mo. Rev. Stat. § 210.135.1, which states:

> Any person, official, or institution complying with the provisions of sections 210.110 to 210.165 in the making of a report, the taking of color photographs, or the making of radiologic examinations pursuant to sections 210.110 to 210.165, or both such taking of color photographs and making of radiologic examinations, or the removal or retaining a child pursuant to sections 210.110 to 210.165, or in cooperating with the division, or any other law enforcement agency, juvenile office, court, or child-protective service agency of this or any other state, in any of the activities pursuant to sections 210.110 to 210.165, or any other allegation of child abuse, neglect or assault, pursuant to sections 568.045 to 568.060, shall have immunity from any liability, civil or criminal, that otherwise might result by reason of such actions. Provided, however, any person, official or institution intentionally filing a false report, acting in bad faith, or with ill intent, shall not have immunity from any liability, civil or criminal. Any such person, official, or institution shall have the same immunity with respect to participation in any judicial proceeding resulting from the report.

Mo. Rev. Stat. § 210.135.1. Harvey's Complaint alleges that Great Circle is negligent for A.K.H.'s wrongful death through its report recommending A.K.H.'s reunification with her mother. Harvey has not alleged that Great Circle intentionally filed a false report or acted in bad

5

faith or with ill intent. Therefore, Great Circle is immune from liability pursuant to § 210.135.1. *See Clark v. Mickes*, No. 4:05-CV-1500 ERW, 2006 WL 1877084 at *5 (E.D.Mo. July 6, 2006). Because the Court has found that Great Circle is immune from liability pursuant Mo. Rev. Stat. §§ 210.114, 210.135, the Court will grant Great Circle's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Great Circle's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can be Granted is **GRANTED**. [Doc. 5.]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Rule 26 Conference is **DENIED as moot**. [Doc. 10.]

Dated this 16th day of June, 2017.

　　　　　　　　　　　　　　　　　　/s/ Nannette A. Baker
　　　　　　　　　　　　　　　　　　NANNETTE A. BAKER
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE